**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4816**

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

BETTY STRICKLAND, a/k/a Chip,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge.  (5:10-cr-00179-F-1)

───────────

Submitted:  April 27, 2012          Decided:  June 28, 2012

───────────

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James C. White, LAW OFFICE OF JAMES C. WHITE, PC, Chapel Hill, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Betty Strickland guilty of conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). Strickland's convictions stem from her involvement with her son, Donald Shealey, who is the leader of an organization known as the Face Mob Family. The record reveals that Strickland stored drugs and drug proceeds in her home for the benefit of the Face Mob Family.

On appeal, Strickland argues that the district court erred in denying her Federal Rule of Criminal Procedure 29 motion. This court reviews the district court's denial of a motion for judgment of acquittal de novo. United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, 131 S. Ct. 271 (2010). "If there is substantial evidence to support the verdict, after viewing all of the evidence and the inferences therefrom in the light most favorable to the Government, the court must affirm." United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir.), cert. denied, 132 S. Ct. 564 (2011) (citation and emphasis omitted). The Court does not "review the credibility of the witnesses and assume[s] that the jury resolved all contradictions in the testimony in favor of the

government."  <u>United States v. Foster</u>, 507 F.3d 233, 245 (4th Cir. 2007).

With respect to this argument, Strickland alleges only that the Government failed to present evidence sufficient to establish the minimum quantity of 100 grams of heroin charged in the indictment.  After reviewing the evidence adduced at trial, including witness testimony and wiretap transcripts, we conclude that the district court did not err in denying Strickland's motion for judgment of acquittal.

Strickland next argues that the district court erred in determining the relevant drug quantity pursuant to <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 2D1.1(c) (2010) because the evidence was insufficient to attribute to her over 100 grams of heroin.  This court reviews a district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error.  <u>United States v. Slade</u>, 631 F.3d 185, 188 (4th Cir.), <u>cert. denied</u>, 131 S. Ct. 2943 (2011) (quotation omitted).  Given the evidence presented, we conclude that the district court did not err in calculating the quantity of drugs attributable to Strickland.

Lastly, Strickland argues that the district court erred in applying a two-level enhancement, pursuant to USSG § 2D1.1(b)(1), for possession of a firearm in connection with her drug-trafficking activities.  The district court's

determination that a sentencing enhancement is warranted is a factual determination reviewed for clear error. United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011). The relevant section of the Sentencing Guidelines provides for a two-level sentencing enhancement if the defendant possessed a firearm in connection with her drug-trafficking activities. USSG § 2D1.1(b)(1). This enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, cmt. n.3. "[T]he Government does not need to prove precisely concurrent acts, such as a gun in hand while in the act of storing drugs." United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010) (internal quotation marks and citations omitted).

Here, Strickland stored the firearm in her home, which is also where she stored drugs and money for the Face Mob Family. In light of the evidence in the record, we conclude that the district court did not clearly err in enhancing Strickland's base offense level pursuant to USSG § 2D1.1(b)(1).

Accordingly, we affirm Strickland's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED